UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | NO. 1:21-CR-00474-BAH-02 |
| | § § § | |
| THOMAS MUNN | § | |

**DEFENDANT THOMAS MUNN'S SENTENCING MEMORANDUM**

TO THE HONORABLE BERYL A. HOWELL, CHIEF UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA:

Thomas Munn, by and through his counsel, hereby respectfully requests that this Court impose a sentence of 24 months' probation and restitution of $500, consistent with the recommendation of the U.S. Probation Office. *See* Doc. Nos. 94, 95.

Mr. Munn pleaded guilty to one count of parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). He accepts responsibility for and acknowledges the wrongfulness of his actions on January 6, 2021. He traveled with his family to Washington D.C. on that day, to peacefully protest what he believed were irregularities in the 2020 presidential election. He admits that he was wrong to enter the Capitol Building with the larger crowd that day. It is undisputed that he and his family were only briefly inside the building, engaged in no vandalism or violence, actually attempted to clean up trash they found, and very quickly sought out security so that they could leave. When he later saw details on the news of the violence of the events, he was, like most Americans, horrified. None of these facts excuse his actions that day, and Mr. Munn agrees that a term of probation is appropriate.

Congress has directed courts to impose sentences "sufficient but not greater than necessary" to comply with the four statutorily defined purposes in 18 U.S.C. § 3553(a)(2):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

To achieve these purposes, courts are directed to consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the available sentences; a policy favoring uniformity in sentences for defendants who commit similar crimes; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

These factors all support Probation's Sentencing Recommendation. As explained by Probation, "Mr. Munn's culpability appears to be minimal in contrast with rioters who destroyed or stole government property and assaulted or threatened the law enforcement officers on that date." *See* Doc. No. 95 at 1. A review of sentences imposed in connection with January 6th, including by this Court, likewise demonstrates that a probation term is consistent with Mr. Munn's culpability relative to other defendants.[1] This would avoid unwarranted sentencing disparities with other similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). Mr. Munn has no criminal history and has been in compliance with pretrial supervision and the terms of his release. *See* Doc. No. 95 at 2. He cooperated with law enforcement during its investigation, accepted responsibility, and pleaded guilty. Mr. Munn's history is not that of a dangerous criminal, but of a devoted husband and caring father, who made a terrible error in judgment on January 6th. He is a stay-at-home dad who has eight children with his wife. He previously worked and was enlisted in the United States

---

[1] For reference, the Government has attached tables detailing sentencing recommendations and imposed sentences in other January 6th cases. *See, e.g., United States v. Stephen Michael Ayres*, No. 1:21-cr-00156-JDB, No. 61-1 (D.D.C. Sept. 15, 2022).

Army, but had to return home, in part due to the illness of one of his children. *See id*. In light of

his history and characteristics, and his specific conduct on January 6th, Probation explained, Mr.

Munn "does not appear to present a danger to the community and goals of sentencing may be

accomplished through a non-custodial sentence of probation supervision." *See* Doc. No. 95 at 2.

Mr. Munn agrees with Probation and will provide any further information needed by the Court

during allocution at his sentencing.

      For the foregoing reasons, Mr. Munn respectfully submits that a sentence of probation as

recommended by the U.S. Probation Office is sufficient, but not greater than necessary, to comply

with § 3553.


                    Respectfully Submitted,

                    MAUREEN SCOTT FRANCO
                    Federal Public Defender


                        /S/
                    JOHN P. CALHOUN
                    Assistant Federal Public Defender
                    Western District of Texas
                    Richard C. White Federal Building
                    700 E. San Antonio, D-401
                    El Paso, Texas 79901
                    (915) 534-6525
                    *Attorney for Thomas Munn*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2022, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF, which will send notification of such filing to the following:

AUSA Jennifer M. Rozzoni
DOJ-USAO
Lrm Lee, Edmund
201 3rd Street NW – Suite 900
P.O. Box 607
Albuquerque, New Mexico 87102

AUSA Monica Anne Stump
DOJ-USAO
555 4th Street NW
Washington DC 20530

/S/
JOHN P. CALHOUN
*Attorney for Thomas Munn*